Attachment A (page 1 of 5)

<u>FMLA violation(s) from December 17, 2018 to March 1, 2019</u>

1. The defendant willfully (with knowledge that its conduct was prohibited by the FMLA, and/or with reckless disregard to my rights under the FMLA) violated my FMLA rights when I was not returned to work on December 17, 2018 through January 7, 2019 despite my compliance with the defendant's instructions, andl March 1, 2019.

2. Due to these acts being "willful", the 3-year statute of limitations for FMLA violations applies. Thus, this action is within a 3-year statute of limitations.

3. The Defendant knew acted with knowledge that it's conduct was prohibited by the FMLA and/or with reckless disregard to my rights under the FMLA. Some of the facts supporting the willfulness (reckless disregard and/or knowing violation of FMLA law) of the violation are as follows:

    a. On December 10, 2018, in a recorded conversation with the defendant's Executive Director of HR, the defendant provided me with the defendant's *own documentation of the FMLA laws*. This documentation notified me of my rights under the FMLA, and the procedure for me to return to work according to those rights The defendant acted in reckless disregard of FMLA law and/or with knowingly illegal violation of those rights when it violated the rights and procedures stated in the *defendant's own documentation of the FMLA laws.* On that same day, December 10, 2018, the defendant instructed me to read the documentation/"packet" so that I would be knowledgeable about my FMLA rights. The defendant also informed me that I could be returned to work from FMLA leave if I provided the defendant with medical documentation from my physician that stated that I was "cleared to return to work without restrictions". This indicates willfulness: the defendant had read the packet/document of FMLA laws and therefore knew that it was obligated to return me to either my position or an alternate position within 3 days of receiving the medical documentation from my physician (I provided that medical document on 12/17/2018, but was not returned to work until 3/1/2019). Thus, the defendant acted in reckless disregard of FMLA law and/or in knowingly illegal violation of my FMLA rights..

b.  The defendant acted in reckless disregard of FMLA law and/or with knowingly illegal violation

of my FMLA rights (rights stated in the *defendant's own documentation of the FMLA laws*)

when on December 17, 2018, it requested a second/additional medical documentation in

order for me to be returned to work (the additional medical documentation that the defendant

requested could not be produced due to the fact that the medical provider that the defendant

wanted the document from my licensed professional clinical counselor, or LPCC, - she could

not produce this document without violating the laws of her profession).

c.  The defendant acted in reckless disregard of FMLA law and/or with knowingly illegal conduct

in violation of my FMLA rights  (rights stated in the *defendant's own documentation of the*

*FMLA laws)* when on January 7, 2019 the defendant requested that a third/additional

medical document be provided by me in order for me to return to work. This document was

pursued by me, but it was never given to the defendant - I was returned to work before I

could schedule the appointment to give what had been pursued and retrieved to the

defendant.

d.  The defendant acted in reckless disregard of FMLA law and/or with knowingly illegal conduct

in violation of both my FMLA rights (rights stated in the *defendant's own documentation of*

*the FMLA laws*) and *it's own documented FMLA policy* (a policy that violated FMLA law)

when the defendant cleared me to return work on March 1, 2019. The defendant claimed to

be returning me to work with documentation that I did not provide (and that I never received).

The defendant was violating its own policy on this day: the policy stated that *I*, the employee,

was to provide the documentation to the defendant in order to be returned to work. I spent

$250 and several hours seeking out this third medical document that the defendant

requested from me. In this act, the defendant demonstrated that it was following neither it's

own policy, nor FMLA laws. As previously stated, the defendant had knowledge of both the

policy *and* the laws.

e.  Evidence that the defendant acted willfully in violation of FMLA law and/or with knowingly

illegal conduct in violation of both FMLA law *and* it's own FMLA policy when I felt pain and

experienced trauma due to the defendant's willful actions. I have been seeing a trauma specialist for 9 months due to these traumas (and other traumas) inflicted by the defendant.

f.  The defendant acted "willfully", in reckless disregard of FMLA law and/or with knowingly illegal conduct in violation of both my FMLA rights (rights stated in the *defendant's own documentation of the FMLA laws*) and *it's own documented FMLA policy* (a policy that violated FMLA law) when the defendant cleared me to return work on 3/1/2019. March 1, 2019 was over 2 months after I provided the medical documentation that I needed in order to be returned to work. Delaying an employee's return from FMLA leave for 2 months (the law requires 3 days) was a violation of both the FMLA and (to the best of my knowledge) *the defendant's own FMLA policy*.

h.  Willfulness is supported by the fact that the person who was the superintendent of the school district at the time that my FMLA rights were violated possessed a Juris Doctorate (JD) degree. This degree would have made him knowledgeable about employment law, including FMLA law. According to the school district's policy that was in place at the time that my FMLA rights were violated, the decision to violate my FMLA rights by not returning me to work was the decision of the superintendent: a person with a juris doctorate law degree.

i.  If the above facts are not sufficient support for willful FMLA violations by the defendant, I can provide additional facts and documentation in support of the willfulness of the violations.

j.  To prove willfulness outside of a direct confession by the defendant, such as "we willfully violated your FMLA rights", which I'm sure no defendant would state (just as in a murder trial a defendant would never confess to knowing that murder was illegal if they perceived that willfulness/"lack of knowledge that murder is illegal" would be an acceptable defense), a forensic psychologist is needed to investigate the willfulness of the defendant's acts. I, of

course, do not have the authority to order such an investigation to produce this evidence of willfulness; only a court has this authority. I believe such an investigation may warranted, due to the fact that multiple parties in the defendant that were involved in these willful acts seeming to demonstrate the behaviors of people with personality disorders (people who intentionally and covertly violate the rights of others, intentionally causing psychological trauma). People with personality disorders or other psychological pathology pretend to not know things that they know, and pretend that their illegal acts (including intentional psychological abuse) were either *un*intentional or without knowledge of the law so that they can avoid accountability for those acts. In the workplace, and in court cases, such pleas of non-willfullness are investigated by a forensic psychologist. Again, the fact that I felt psychological pain and have been seeing a psychological trauma specialist for 9 months is in support of this conclusion.

<u>Employment and Performance Background Information</u>

1. I signed a written offer of employment by Defendant on June 24, 2015 for the 2015-2016 academic school year.

2. During my first 3 years of working for the defendant, I reported to Paula Lasley, United Arts Supervisor. During my final 2 years of working four the defendant, I reported to Dr. Betty Hill, Unified Arts Supervisor. I conducted strings classes in assigned middle and high schools for Defendant. I also reported to the administrators at each of the 9 schools that I taught at during my 5 years of working for the defendant.

3. I received evaluations as a new teacher for the Defendant.

     A. In my first 2 years, I received the school district's targeted rating: Skilled. This evaluation came from two different evaluators.

     B. In my 3rd year, I received the highest possible rating: Accomplished. This evaluation came from a third evaluator.

     C. In my 4th year, I was not evaluated due to the number of days I was absent due to being on leaves.

D. In my 5th year, I received the highest possible rating: Accomplished. This evaluation came from a fourth evaluator.

4.My teaching contract was renewed annually by the Defendant, up and until my resignation on 5/29/2020.

<u>Other Information</u>

1. I, Jessica Thomas, pro se plaintiff, reside at 1440 Kohr Place, Columbus, OH 43211.

2. My phone number is (380) 210-8570 and my email address is jessicat23236868@protonmail.com.

3. My former employer (Defendant) was Columbus City Schools (Columbus Board of Education) at 270 East State Street, Columbus, OH 43215.

4. I made multiple attempts to resolve all of these complaints internally, through multiple offices within the defendant's organization. I received either no response, or no resolution.