IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jessica Thomas,  
        Plaintiff,  
    v.  
Columbus City Schools,  
        Defendant.

Case No: 2:21-cv-5023  
Judge Graham  
Magistrate Judge Vascura

## Opinion and Order

Plaintiff Jessica Thomas, proceeding *pro se*, brings this action under the Family and Medical Leave Act, 29 U.S.C.§ 2617, against her employer Columbus City Schools. Thomas alleges that she had been on medical leave and had requested to be "returned to work" on December 17, 2018. Defendant allegedly demanded that she provide medical documentation to show that she was fit to return to work. Thomas alleges that she provided such documentation but was not restored to her position until March 2019, in violation of the FMLA, 29 U.S.C. § 2614.

This matter is before the Court on defendant's motion to dismiss the complaint. Defendant argues that the doctrine of *res judicata* precludes this suit because Thomas previously brought suit on the same FMLA claim. *See Thomas v. Columbus City Schools*, Case No. 2:21-cv-1117 (S.D. Ohio) (Morrison, J.). In the prior suit, Judge Morrison dismissed plaintiff's FMLA claim as time-barred. *See* 29 U.S.C. § 2617(c) (limitations period of two years, except for willful violations, which have a three-year limitations period).

Under the doctrine of *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). A claim is barred by *res judicata* if the following four elements are satisfied: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577–78 (6th Cir. 2008).

Here, Thomas brought the exact same FMLA claim in her earlier suit. Judge Morrison dismissed the claim as follows:

> Ms. Thomas alleges that Columbus City Schools violated the FMLA on December 17, 2018, by denying her request to return to work. (Am. Compl., PAGEID #36.) According to Ms. Thomas, she was told that she "needed to provide a note from [her] counselor" supporting a return to work, when she had provided only a release from her physician. (Id.) Ms. Thomas further alleges that Columbus City Schools "intentionally repeated this FMLA violation" on January 7, 2019" when she "was told that [she] instead need to provide a note from a psychologist with a PhD," and then from a specific psychologist. (Id. at PAGEID #36–37.) Ms. Thomas ultimately returned to work on March 4, 2019. (Id. at PAGEID #36.) Ms. Thomas initiated this action two years and eleven days later, on March 15, 2021. (See ECF No. 1.) Accordingly, Ms. Thomas's FMLA claim is time-barred unless she has adequately pled that Columbus City Schools willfully violated the FMLA.
>
> Under Sixth Circuit precedent, "the central inquiry in determining whether a violation of the FMLA is willful is 'whether the employer intentionally or recklessly violated the FMLA.'" *Crugher v. Prelesnik*, 761 F.3d 610, 617 (6th Cir. 2014) (quoting *Hoffman v. Prof'l Med Team*, 394 F.3d 414, 417 (6th Cir. 2005)). "A plaintiff 'must do more than make the conclusory assertion that a defendant acted willfully.'" *Id.* (quoting *Katoula v. Detroit Entm't, LLC*, 557 F. App'x 496, 498 (6th Cir. 2014)). . . . In this regard, the Amended Complaint falls far short. Ms. Thomas concludes that Columbus City Schools "intentionally" violated the FMLA, and that its allegedly offensive actions were "willful." (Am. Compl., PAGEID #36.) But she alleges no facts supporting that conclusion. Nothing in the Amended Complaint gives rise to an inference that Columbus City Schools acted with knowledge that its conduct was prohibited by the FMLA, or with reckless disregard to Ms. Thomas's rights under the FMLA. In short, Ms. Thomas has failed to plead willfulness. Accordingly, her FMLA claim, as pled, is subject to and barred by the two-year statute of limitations.

Case No. 2:21-cv-1117, Doc. 24 at pp. 8–9.

The Court finds that Judge Morrison's decision is a final decision on the merits. Plaintiff's FMLA claim was dismissed under Rule 12(b)(6), Fed. R. Civ. P. A legal determination that a claim must be dismissed because it is barred by the applicable statute of limitations constitutes a judgment on the merits. *See Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981) ("Nathan's first contention is that a dismissal based upon the statute of limitations is not a decision on the merits. We disagree. A summary judgment on the basis of the defense of the statute of limitations is a judgment on the merits."); *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003) ("Moreover, a dismissal for failing to comply with a statute of limitations is a decision on the merits for claim preclusion purposes.").

The Court finds that rest of the elements of *res* judicata are satisfied as well. Thomas sued the same defendant, Columbus City Schools, in the prior case and in this case. And in the prior suit, Thomas raised the same issue as she asserts here – that from December 2018 to March 2019

2

Columbus City Schools unlawfully failed to restore her to the position she had occupied before taking medical leave. Finally, the causes of action under the FMLA are identical.

It should be noted that Thomas contends that her current FMLA claim is different from her previous one because she is now alleging that the FMLA violation was willful. This argument must be rejected. Thomas clearly alleged in the prior suit that the violation was willful. She expressly asserted that defendant had "intentionally" violated her FMLA's rights and that "Defendant's actions were willful." Case No. 2:21-cv-117, Doc. 6 (Am. Compl.) at PAGEID #36, ¶¶ 3, 4. Thomas repeated those allegations in her complaint in this suit. Case No. 2:21-cv-5023, Doc. 8 (Am. Compl.) at PAGEID #32, ¶ 2 (alleging that defendant's actions in failing to restore her to her position were "willful and intentional").

Accordingly, defendant's motion to dismiss (doc. 9) is GRANTED, and this action is hereby dismissed.

                                                      s/ James L. Graham
                                                      JAMES L. GRAHAM
                                                      United States District Judge

DATE: April 11, 2022